```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LINDA SANDERS-PEAY,

                    Plaintiff,

        - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION and PARENT TEACHER
ASSOCIATION DISTRICT 16K021 (CRISPUS
ATTUCKS ELEMENTARY),

                    Defendants.
-----------------------------------------------------------x
```

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
20-CV-01115 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

On February 26, 2020, Plaintiff Linda Sanders-Peay commenced the instant *pro se* action against Defendants the New York City Department of Education ("DOE") and the Parent Teacher Association District 16K021 (Crispus Attucks Elementary) ("PTA"), alleging employment discrimination claims pursuant to Title VII, the Age Discrimination in Employment Act (the "ADEA"), and the Americans with Disabilities Act (the "ADA"). The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses this action as to Defendant PTA and allows the action to proceed against Defendant DOE. Furthermore, because of Plaintiff's *pro se* status, the Court permits her thirty (30) days in which to amend her complaint if she can state a claim against the PTA under Title VII, the ADEA, or the ADA.

## BACKGROUND

Plaintiff, who was formerly employed by the DOE as a parent coordinator at Crispus Attucks Elementary School, alleges that she was discriminated against based on her color, age,

1

and disability. (Complaint ("Compl."), Dkt. 1, at ECF[1] 5.) Plaintiff alleges that the discriminatory conduct included failure to hire, termination, failure to accommodate her disability, unequal terms and conditions, retaliation, and other acts of "harassment, bias, [and] bullying." (*Id.* at ECF 4.) Plaintiff further alleges that the school principal informed the PTA's Executive Team members of her medical status. (*Id.* at ECF 8.)

Plaintiff alleges that she filed a charge with the Equal Employment Opportunity Commission (the "EEOC") regarding the discriminatory conduct on October 11, 2018. (*Id.* at ECF 9.) On December 4, 2019, the EEOC sent a Notice of Right to Sue letter to Plaintiff, closing her case as to her ADEA claim. (*Id.* at ECF 11.) Plaintiff seeks damages in the amount of $6.3 million (*id.* at ECF 9) and requests *pro bono* counsel (February 26, 2020 Letter, Dkt. 1-2, at ECF 1).

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required,

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

"[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Title VII prohibits an *employer* from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). The ADEA provides that it is "unlawful for an *employer* . . . to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). A plaintiff must be "at least 40 years of age" to receive the protections of the ADEA. *Id.* § 631(a). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). For purposes of this section, the term "covered entity" means "an *employer*, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2) (emphasis added).

Here, Plaintiff sues both the DOE and the PTA. However, Plaintiff fails to allege any facts in support of her employment discrimination claims against the PTA. First, she does not allege that she was employed by the PTA, and the federal employment discrimination statutes discussed *supra* generally apply to employers and not to other parties. *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (finding that, "in the context of employment discrimination, the retaliation provision of the ADA . . . cannot provide for individual liability"); *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) ("[I]ndividuals are not subject to liability under Title VII."

3

(quoting *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam))); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) (noting that "the ADEA precludes individual liability"). Second, the only allegation in Plaintiff's complaint that relates to the PTA is that the principal at Crispus Attucks Elementary School "informed [the PTA Executive Team members] of [Plaintiff's] medical status." (Compl., Dkt. 1, at ECF 8.) This lone allegation fails to state a claim under Title VII, the ADEA, or the ADA. Accordingly, Plaintiff's complaint is dismissed as to the PTA, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, given Plaintiff's *pro se* status, the Court will permit her thirty (30) days to file an amended complaint if she can allege facts to support a claim under Title VII, the ADEA, or the ADA against the PTA.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against the PTA are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff has thirty (30) days in which to file an amended complaint that states a claim against the PTA. In determining whether to file an amended complaint, Plaintiff should consider the legal requirements as to each of the statutory claims discussed above. If Plaintiff chooses to amend her complaint, the amended complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 20-CV-01115 (PKC) (VMS). Plaintiff is advised that the amended complaint will replace her prior complaint. If Plaintiff fails to submit an amended complaint, or if the amended complaint does not comply with this Order, the PTA will be terminated from this action. Regardless of whether Plaintiff files an amended complaint, this matter shall proceed as to Defendant DOE.

Plaintiff's request for *pro bono* counsel is denied without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

4

faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 6, 2020
      Brooklyn, New York