**Advocates for Justice**

New York Office
225 Broadway
Suite 1902
New York, New York 10007
p: 212-285-1400 – ext. 112
f: 212-285-1410



**Laura Dawn Barbieri**
Special Counsel
(cell) 914-819-3387
Lbarbieri@advocatesny.com

June 28, 2022

**BY ECF**
Hon. Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:   *Sanders-Peay v. NYCDOE & Frazier*, 20-CV-01115 (PKC) (VMS)
            Letter Motion to Compel Defendant NYCDOE to Produce Prepared Rule 30(b)(6)
            Witness and Order Sanctions against Defendant

Dear Magistrate Judge Scanlon:

      We respectfully submit this motion to compel Defendant NYCDOE to produce a prepared Rule 30(b)(6) witness who can provide complete, knowledgeable, and binding answers on Defendant DOE's behalf. Plaintiff also seeks a Rule 37(a) motion to compel disclosure (respond to questions), and Rule 37(b) sanctions against Defendant who, despite this Court's March 23, 2022 Order, failed to produce a knowledgeable witness and failed to adequately prepare the witness. Exh. 1, Salimando Deposition Transcript (S-Dep.). Plaintiff further requests this Court impose Rule 30(d) sanctions against Defendant for repeatedly impeding, delaying, or frustrating the fair examination of the deponent. The opportunity to question DOE representatives is essential to Plaintiff's ability to discover facts, understand the DOE's positions regarding those facts, prosecute her case, and defend against Defendants' defenses.

     **I.**    **Defendant's Rule 30(b)(6) witness was wholly unprepared**

      On June 2, 2022, Plaintiff's counsel attempted to conduct the deposition of Defendant Rule 30(b)(6) witness Karen Solimando. Throughout the deposition, Ms. Solimando repeatedly demonstrated that she was wholly unprepared and unable to answer questions pertaining to subject matters within the scope of the deposition notice and did not have representative knowledge of the exhibit documents or the facts of Plaintiff's case. S-Dep. 16:9–17:2; 23:17–24; 28:15–29:23; 65:18–25; 85:10–19; 86:20–87:14; 135:7–13. The witness's answers consistently demonstrated lack of knowledge, uncertainty, or mere supposition. S-Dep. 14:17–15:5; 38:3–20; 43:11–22; 64:18–65:6; 76:4–77:9; 81:22–83:8; 86:4–19; 92:2–6; 136:13–24.

1

**Applicable standard of law.** Under Rule 30(b)(6), when a party serves a deposition notice wherein the proposed subject matter is clearly stated, Exh. 2 (deposition notice), the organization must produce one or more officers, directors, managing agents or other person(s) who are familiar with that subject matter. Fed. R. Civ. P. 30(b)(6); *see Kully v. Aircraft Serv. Intl. Group, Inc.*, 09 CV 2214 (RRM), 2010 WL 11626876, at *6 (E.D.N.Y. Aug. 12, 2010) (internal citations omitted). The party deponent has an affirmative duty to ensure its representative(s) will be able to give complete, knowledgeable, and binding answers on its organization's behalf. *Kully,* 2010 WL 11626876, at *6 (noting a deponent has an obligation to educate representatives as to the matters known or reasonably available to the organization). If a witness who was designated pursuant to Rule 30(b)(6) lacks personal knowledge concerning the matters set out in the deposition notice, then the organization is obligated to prepare the witness to provide knowledgeable answers. *Spanski Enters., Inc. v. Telewizja Polska, S.A.,* 07 Civ. 930, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009). Failure to fully prepare a Rule 30(b)(6) witness, including preparing the witness to have knowledge of documents referenced in the deposition notice, constitutes a failure to comply with Rule 30(b)(6) and, in some cases, may be considered a failure to appear. *Kully*, 2010 WL 11626876, at *7 (noting that courts interpret a failure to appear where the deponent was unprepared or otherwise not knowledgeable about the topics listed in the notice of deposition).

**Rule 37(b) sanctions.** When a party fails to comply with a court order – here, its obligation to produce a prepared Rule 30(b)(6) witness pursuant to the Court's Order dated March 23, 2022 – Rule 37 permits the court to impose various sanctions on that party. *Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. CV 2010 3647 (CBA)(MDG), 2012 WL 3536987, at *10 (E.D.N.Y. Aug. 13, 2012). For a court to impose Rule 37(b) sanctions, "the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya,* 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (internal citations omitted). Rule 37(b) sanctions include compelling a noncompliant party to pay the fees and costs incurred in connection with preparation of the instant motion as well as the actual time spent in attending and conducting the deposition. *Meyer*, 2012 WL 3536987, at *10 (finding sanctions appropriate because the parties discussed at length the topics that would be explored at the deposition). Rule 37(b)(2)(C) provides that "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

**Rule 37(b) sanctions are appropriate here.** The information sought by Plaintiff was "known or reasonably available to the organization" pursuant to Rule 30(b)(6). Moreover, the parties litigated the notice pursuant to Plaintiff's prior motion to compel, which resulted in the Court's March 23, 2022 Order requiring Defendant's compliance. Upon receipt of the Plaintiff's documents, Defendant was obligated to prepare Ms. Solimando to provide knowledgeable answers on behalf of the NYCDOE. *See RP Fam., Inc. v. Cmmw. Land Title Ins. Co.*, 10 CV 1149 (DLI) (CLP), 2012 WL 13098209, at *7 (E.D.N.Y. July 10, 2012) (finding deponent failed to fulfill Rule 30(b)(6) obligation because witness had not reviewed documents that would familiarize him with investigation and he could not answer questions essential for fact-finding). Yet the witness was repeatedly unprepared; her lack of knowledge was egregious, admitting she was not knowledgeable about the circumstances of Plaintiff's case or the substance of the

specified documents. S-Dep. at 86:20–87:14; 98:5–18; 108:10–20. Defendant thus neglected its obligation to prepare its Rule 30(b)(6) witness to provide complete and knowledgeable answers as to the matters specified in the deposition notice, rendering the witness unavailable tantamount to a failure to appear. *Meyer*, 2012 WL 3536987, at *8–10. Defendant attempted to claim that the notice was so "lengthy" as partial justification for their lack of preparation. *See, e.g.*, S-Dep. at 52:22–53:11.This assertion, however, reflects both a misapprehension of the applicable requirements of Rule 30(b)(6) and this Court's March 23, 2022 Order. *See Bush v. Element Fin. Corp.*, 16-CV-1007 (RJS), 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016) (finding defendants' attempt to justify behavior by arguing "no one person could have personal knowledge as to all 36 topics set forth by Plaintiffs" reflected misapprehension of the rule and applicable standard in Second Circuit). As a result of its lack of preparation, Plaintiff's efforts to ascertain facts essential to her case were significantly impeded. Accordingly, Defendant's failure to comply with its Rule 30(b)(6) obligations justifies Rule 37(b) sanctions.

**Rule 37(a) motion standards.** Rule 37(a) stipulates that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, pursuant to Rule 16(f), a court may issue orders authorized by Rule 37 (b)(2)(A)(ii)–(vii) if a party or attorney "is substantially unprepared to participate – or does not participate in good faith – in the conference." Fed. R. Civ. P. 16(f).

**A Rule 37(a) motion is appropriate here.** The parties conducted a telephone conference regarding the substance of this motion, which included Plaintiff's disclosure that sanctions would be requested, yet Defendant refused to produce another witness, or answer the questions marked for the Court's determination, or answer the question to which counsel objected based on an asserted (but inapplicable) privilege. This motion thus becomes necessary yet again. Plaintiff respectfully requests that each aspect of Plaintiff's motion be granted.

**Defendant must produce another Rule 30(b)(6) witness.** Courts within the Second Circuit have ordered defendants who were noncompliant with their Rule 30(b)(6) obligations to prepare additional Rule 30(b)(6) witnesses to address all topics in a plaintiff's Rule 30(b)(6) notice that were not previously covered in the initial deposition. *See, e.g., Meyer*, 2012 WL 3536987, at *10; *see also RP Fam.*, 2012 WL 13098209, at *9 (ordering that moving parties may demand that unprepared party produce a new Rule 30(b)(6) witness). Here, the Court should order Defendant DOE to produce a prepared Rule 30(b)(6) witness who can provide complete, knowledgeable, and binding answers on Defendant's behalf.

**II. Defense Counsel Improperly Directed the Witness Not to Answer Questions**

Throughout the deposition, Defendants' counsel, Mr. Greenhouse, instructed Ms. Solimando not to answer questions a total of eight times, claiming that those questions (1) fell outside of the scope of notice, (2) were privileged, or (3) were repetitive. S-Dep. 22:3-16; 25:13-27:16; 31:5-33:21; 48:14-56:10; 107:15-109:15; 122:23-125-5; 128:3-4; 142:9-143:6. Of these three types of challenges, only objections related to attorney-client privilege were potentially proper for instructing Ms. Solimando not to answer. Fed. R. Civ. P. 30(c)(2). However, the

3

questions posed did not relate to privileged information. S-Dep. 122:23-125:5; *see* Plaintiff's motion to compel documents improperly withheld asserting attorney-client privilege, Dkt. 60.

**Applicable standard of law.** Under Federal Rule of Civil Procedure 30(c)(2), an attorney may instruct a deponent not to answer a question in three circumstances: (1) "to preserve a privilege;" (2) "to enforce a Court ordered limitation;" or (3) "to present a motion under Rule 30(d)(3)." *Quinio v. Aala*, 15-CV-4912, 2017 WL 8646668, *2 (E.D.N.Y. Dec. 21, 2017). Typically, instructing a witness not to answer is inappropriate "even if the question is improper or beyond the scope of a deposition notice." *Weinrib v. Winthrop-University Hospital*, 14-CV-953, 2016 WL 1122033, at *2 (E.D.N.Y. Mar. 22, 2016) (quoting *U.S. ex rel. Tiesinga v. Dianon Sys., Inc.*, 240 F.R.D. 40, 43 (D. Conn. 2006)). Furthermore, neither lack of relevancy nor repetitive questioning, *e.g.*, an "asked and answered" objection, are grounds for instructing a deponent not to answer. *Weinrib*, 2016 WL 1122033, at *2 (lack of relevancy is an improper reason for instructing a witness not to answer deposition questions); *Quinio*, 2017 WL 864668, at *2 (repetition is not a basis for instructing a deponent not to answer).

**III. Defendants' counsel impeded witness testimony by pervasive objections.**
**Applicable standard of law.** An objection "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Counsel is "not free simply to pepper the proceeding with interruptions." *Sicurelli v. Jeneric/Pentron, Inc.*, 03-CV-4934, 2005 WL 3591701, at *8 (E.D.N.Y. 2005) (internal citations omitted). Counsel does not have the right to interrupt if a question seems unclear, as a witness "should make the determination as to whether a question is clear and answer to the best of his or her ability." *Coredero v. City of New York*, 15-CV-3436, 2017 WL 2116699, at *6 (E.D.N.Y. Mar. 12, 2017) (internal citations omitted).

**Rule 30(d) sanctions.** Courts "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Courts in this circuit have applied sanctions where counsel's interruptions were pervasive. *Morales v. Zondo Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (imposing sanctions where opposing counsel's objections constituted 85% of deposition transcript, which was "clearly intended to cause problems").

**Rule 30(d) sanctions are appropriate here.** Mr. Greenhouse's constant objections not only interrupted Plaintiff's counsel and the deponent on numerous occasions, but also confused the deponent and prevented the deposition from moving forward efficiently. *See generally* S-Dep. Mr. Greenhouse's name appears on 116 out of 146 pages, or 79% of the deposition transcript. *Id.* Mr. Greenhouse's objections frequently interrupted Plaintiff's counsel's questions. *See, e.g.*, S-Dep. 49:11-15; 97:12-25; 107:18-25; 141:22-42:8. After Mr. Greenhouse's disruptions, Ms. Solimando often required Plaintiff's counsel to repeat her question. *See, e.g.*, S-Dep. 13:7-9; 37:24-38:2; 44:8-9; 125:12-14; 136:3-4. The interruptions were so pervasive that at one point Plaintiff's counsel stated, "I'm going to get my question out on the record...and you can talk over me if you want, but it's going to delay the process." S-Dep. 142:4-8. Mr. Greenhouse's excessive objections, interruptions, and instructions to the deponent delayed and frustrated the efficacy of the deposition. Accordingly, 30(d) sanctions are appropriate here. *Morales*, 204 F.R.D. at 54.

For the foregoing reasons, Plaintiff respectfully requests that the Court compel Defendant to produce a new Rule 30(b)(6) witness pursuant to Rule 37(a); respond to the designated

4

questions; and order Defendant to pay the reasonable attorneys' fees and expenses required to make this motion to compel a second time pursuant to Rule 37(a) as authorized by Rule 37(b), (c), and 30(d).

                                                        Respectfully yours,

                                                        /s/
                                                    Laura D. Barbieri.

Cc: Jack Benjamin Greenhouse, Esq., by ECF only