```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
LINDA SANDERS-PEAY,                                      :
                                                         :
                           Plaintiff,                    :
                                                         :                    ORDER
            -against-                                    :          20 Civ. 1115 (PKC) (VMS)
                                                         :
NEW YORK CITY DEPARTMENT OF                              :
EDUCATION and LESLIE FRAZIER,                            :
                                                         :
                                                         :
                           Defendants.                   :
                                                         :
                                                         :
-------------------------------------------------------- x
```

**Scanlon, Vera M., United States Magistrate Judge:**

The parties' familiarity with the procedural history and issues raised in the motion at ECF No. [76] are presumed. Having considered all the submissions on the motion, the Court denies the Second Motion to Compel Rule 30(b)(6) Witness and for Sanctions, ECF No. [76], with the exception of requiring Defendant to have a qualified witness provide an affidavit with answers to the few questions identified below.

### A. The 30(B)(6) witness was largely a satisfactory witness.

Federal Rule of Civil Procedure 30(b)(6) permits a party to name as a deponent a public corporation and requires that the party "describe with reasonable particularity the matters on which examination is requested." Rule 30(b)(6) requires a corporation to "respond to a notice for a deposition on a particular subject matter by providing such 'persons' as are knowledgeable about the subject matter." Reilly v. Natwest Markets Corp., Inc., 181 F.3d 253, 259 (2d Cir. 1999). It is well-settled that a witness appearing pursuant to a Rule 30(b)(6) notice has a unique status and testifies as the entity, not as

1

an individual.  See Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., No. 01-CV-3016, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002).  "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (internal quotations omitted).  A Rule 30(b)(6) witness is distinct from a fact witness about a plaintiff's particular case because "whereas an individual person may testify as a fact witness, her testimony on the same subject matter pursuant to Rule 30(b)(6) binds the corporation," and Rule 30(b)(6) witness may elaborate on corporate policies and practices about which the witness lacks personal knowledge.  In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Porftfolio, No. 20-MISC.-418 (CS) (JCM), 2021 WL 3829991, at *14–15 (S.D.N.Y. Aug. 27, 2021).  "Rule 30(b)(6) witnesses need not have personal knowledge concerning the relevant subject matters." Safeco Ins. Co. of Am. v. M.E.S., Inc., No. 09-CV-3312 (PKC) (VMS), 2016 WL 5477585, at *5 (E.D.N.Y. Sept. 29, 2016).  However, "if witnesses designated pursuant to Rule 30(b)(6) lack personal knowledge concerning the matters set out in the deposition notice, then the [entity] is obligated to prepare them so that they may give knowledgeable answers." Bigsby v. Barclays Cap. Real Est., Inc., 329 F.R.D. 78, 80–81 (S.D.N.Y. 2019) (cleaned up).  "[A] notice of deposition . . . constitutes the minimum, not the maximum, about which a deponent must be prepared to speak." Crawford v. Franklin Credit Mgmt. Corp., 261 F.R.D. 34 (S.D.N.Y. 2009). Parties deposing a Rule 30(b)(6) witness must ask questions about topics with "reasonable particularity" and may not be vague or overbroad in the information they

2

seek.  Winfield v. City of New York, No. 15-CV-05236 (LTS) (KHP), 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018); see Oakley v. Fed'n Emp. & Guidance Servs., Inc., No. 10-CV-7739 (JSR), 2011 WL 2946133, at *3 (S.D.N.Y. July 12, 2011) (courts should consider if questions asked during a Rule 30(b)(6) deposition are "objectionable as argumentative, compound, confusing, or otherwise improper").

Under these standards, Defendants' designated witness was a satisfactory witness as to almost all of the topics to which Plaintiff raises objections, with few exceptions as discussed below.  The Court's review of the record shows as to most instances in which Plaintiff claims the Rule 30(b)(6) witness lacked knowledge, Plaintiff's objections lack merit.

As to several examples offered by Plaintiff in which the witness allegedly did not perform satisfactorily, the witness was able to answer Plaintiff's questions after she refreshed her memory, the questions were rephrased, or counsel's inquiry became more focused.  See ECF No. [76-1] at 14:17–16:14, 43:11–43:20, 64:18–65:25, 92:2–96:2.  In another set of questions, the witness asked to see a document to refresh her memory.  Plaintiff's counsel instead opted to take a recess and did not continue the line of questioning after the session reconvened.  Id. at 81:22–83:7.  The witness's ability to answer as noted above was sufficient to show that she was properly prepared and that she could answer the questions sufficiently.  See Townsquare Media, Inc. v. Regency Furniture, Inc., No. 21-CV-4695 (KMK), 2022 WL 4538954, at *10 (S.D.N.Y. Sept. 28, 2022) (Because "Rule 30(b)(6) is not designed to be a memory contest," presenting a witness with relevant documents so they can answer fully "render[s] the deposition passable") (internal quotation marks omitted).

3

As to another example cited by Plaintiff, the Court disagrees with Plaintiff's characterization of the record. The witness was able to answer the questions asked as to the Department of Education policies, procedures and practices, as had been outlined in Topics 3 and 4 of the deposition notice. ECF No. [76-1] at 75:22–77:9. She was unable to answer a question specific to action taken on an application by Plaintiff, id. at 75:22–76:3, which was beyond the scope of the notice, and not an appropriate topic for a Rule 30(b)(6) witness. This questioning specific to the factual record as to Plaintiff would have been more appropriately directed to a fact witness. See Fed. R. Civ. P. 30(b)(6) (persons designated for Rule 30(b)(6) deposition testify only "about information known or reasonably available to the organization"); see also City of Almaty, Kazakhstan v. Sater, No. 19-CV-2645 (JGK) (KHP), 2022 WL 10374082, at *3 (S.D.N.Y. Oct. 18, 2022) (if the corporate party subject to a Rule 30(b)(6) deposition "lacks sufficient knowledge after reviewing all available information, then its obligations under Rule 30(b)(6) cease"). As to another of Plaintiff's examples, it was unreasonable to expect the witness to answer the broad question asked at ECF No. [76-1] at 76:24–77:9 as to exceptions made for the parent coordinator position without reference to time, school or relevant documents.

In two of the instances which Plaintiff cites as examples of the lack of knowledge of Defendants' witness, only a few of those questions were appropriately and clearly asked of the 30(b)(6) witness. As to a narrow subset of the questions about which Plaintiff raises concerns, Defendants' Rule 30(b)(6) witness lacked sufficient knowledge to answer. See ECF No. [76-1] at 38:3–38:20, 86:4–84:19. Defendants' Rule 30(b)(6) witness was therefore inadequate as to these topics about which Plaintiff's counsel

asked very few questions that the witness could reasonably have been expected to answer, namely one question at ECF No. [76-1] at 38:16-19[1], and three at ECF No. [76-1] at 86:4-19[2].  Defendants' argument that these questions were outside the scope of the Rule 30(b)(6) notice is unavailing because the topics about which Plaintiff asked were contained within the notice.  Plaintiff's unanswered questions at ECF No. [76-1] at 38:3–38:20 are reflected in Topic 17, and at ECF No. [76-1] at 86:4–86:19 in Topics 1 and 2.  See ECF No. [76-2].

Plaintiff asks for a continued 30(b)(6) deposition with the additional witness.  The Court finds such relief unnecessary because only four questions that covered narrow topics were unanswered.  Instead, on or before 11/30/22, Defendants will serve an affidavit by a person with sufficient knowledge on behalf of the corporate Defendant that answers the four unanswered questions quoted in footnotes 1 and 2 below.

### B. Plaintiff is not entitled to sanctions as to the witness's testimony.

Plaintiff moves for Rule 37(b) sanctions in light of Defendants' witness's alleged failure to be able to answer all of the questions posed.  When determining whether sanctions should be imposed under Rule 37, courts in the Second Circuit weigh the following non-exhaustive factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the

---

[1] "And to the extent that it was a Community Coordinator position, do you know whether or not there was anyone in title as a Community Coordinator at P.S. 21?"

[2] "Ordinarily, according to the distribution of parking permits, is it required for a school to sign a receipt of the parking permits that they receive from the Facilities department? Do you know whether that practice is followed in every school? Do you know whether it was followed in P.S. 21?"

period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (internal quotation marks omitted). "Sanctions in connection with a Rule 30(b)(6) deposition are appropriate only where "the inadequacies in a deponents' testimony [are] egregious and not merely lacking in desired specificity in discrete areas." Heras v. Metro. Learning Inst., No. 19-CV-2694 (DG) (RLM), 2022 WL 20899, at *2 (E.D.N.Y. Jan. 3, 2022) (quoting Kyoei Fire, 248 F.R.D. at 152); see Lehal v. United States Marshal Serv., No. 13-CV-03923 (DF), 2017 WL 4862781, at *7 (S.D.N.Y. Oct. 17, 2017) (declining to impose fees and costs where Rule 30(b)(6) witness was "inadequate in a number of respects" but "did give sufficient testimony on several specified topics," and the lack of preparation was "not the result of bad faith").

The Court's review of the deposition notice topics, the transcript and the motion submissions, see ECF No. 76, 76-1, 76-2, 79, 84, shows that sanctions are not warranted. Although the witness's testimony was inadequate as to responses about four questions on the two topics noted above, the witness was otherwise able to testify competently over a four-hour period on numerous diverse topics. See ECF No. 76-1 at 14:17–16:14, 43:11–43:20, 64:18–65:25, 75:22–77:9, 81:22–83:7, 92:2–96:2. Plaintiff also does not allege or show bad faith or prejudice. See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n, 319 F.R.D. 122, 126 (S.D.N.Y. 2016) ("Prejudice to the moving party may also be a significant consideration [for Rule 37(b) sanctions], though not an absolute prerequisite in all circumstances."). Weighing the World Wide Polymers factors against the facts of this case, the Court declines to require Defendants to pay fees and

costs given that the Court has sustained only a minimal portion of Plaintiff's objections. The Court also notes that Defendants have not sought a fee award for having to defend against a largely meritless motion.

### C. Plaintiff is not entitled to sanctions as to Defendants' counsel's deposition objections.

To the extent that Plaintiff seeks Rule 30(d) sanctions against Defendants based on objections made during the deposition, this request is denied. Courts "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party" only where a person "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Defendant's counsel made frequent objections, following the "general rule for objections during depositions—that they be stated on the record, but the question nonetheless be answered." Quinio v. Aala, No. 15-CV-4912 (PKC) (SJB), 2017 WL 8646668, at *2 (E.D.N.Y. Dec. 21, 2017); see also Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the deposition—whether . . . to the manner of taking the deposition, or any other aspect of the deposition—must be noted on the record, but the examination still proceeds[.]"). "[C]ourts in the Second Circuit have declined to impose sanctions based solely on voluminous, unwarranted, and argumentative objections where opposing counsel was not prevented from completing the deposition." Cordero v. City of New York, No. 15-CV-3436, 2017 WL 2116699, at *6 (E.D.N.Y. May 12, 2017) (collecting cases). Plaintiff has not offered grounds as to which sanctions should be awarded under this standard, as the deposition proceeded unimpeded. The Court notes that on the Court's review of the

record, it largely agrees with the objections raised by Defendants' counsel because the questions posed by Plaintiff's counsel often lacked sufficient clarity and specificity.

Plaintiff's request for sanctions because Defendants' counsel advised the witness not to answer certain questions is also denied. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Rule 30(c)(2). Plaintiff cites to eight instances in which Defendants' counsel instructed the witness not to answer, but the record reflects that the witness nevertheless answered five of the eight lines of questioning. See ECF No. [76-1] at 22:3–22:23; 25:13–28:5; 107:15–111:23; 128:3–128:11; 142:9–143:15. Even assuming the instructions not to answer violated Rule 30, they would not be sanctionable conduct because the witness answered the questions. See Quinio, No. 15-CV-4912 (PKC) (SJB), 2017 WL 8646668, at *3 (finding "[t]here was no material frustration or delay in the deposition" where counsel instructed the witness not to answer improperly, but the witness did answer regardless). For the three occasions in which the witness did not answer, counsel's instruction was proper. In one question, Plaintiff's counsel asked about an email conversation between a defendant and a Department of Education attorney and Defendants' counsel instructed the witness not to answer on attorney-client privilege grounds, which is permitted under Rule 30(c)(2). See ECF No. [76-1] at 122:23–125:5. The other two questions that the witness did not answer related to the Americans with Disabilities Act, see id. at 31:15–33:21, and the Damage or Destruction of Property section of the Plaintiff's contract, id. at 48:14–56:10. Neither of these topics is among those the Court permitted in the Order

of 3/23/2022; therefore, Defendant's counsel was permitted to instruct against responding in order to enforce a Court-ordered limitation.

Dated:  Brooklyn, New York
November 16, 2022

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge
