UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LINDA SANDERS-PEAY,

                        Plaintiff,

       - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION and LESLIE FRAZIER,
*individually and in her official capacity*,

                        Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-1115 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

On August 26, 2024, this Court issued a Memorandum & Order ("Summary Judgment Order") granting in part and denying in part Defendant New York City Department of Education ("DOE") and Defendant Leslie Frazier's ("Frazier") (collectively, "Defendants") motion for summary judgment.[1] In the Summary Judgment Order, the Court dismissed a majority of Plaintiff Linda Sanders-Peay's ("Plaintiff") claims,[2] permitting only Plaintiff's claims for disability-based disparate treatment, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA") (against DOE), the Rehabilitation Act (against DOE), and the New York State Human Rights Law ("NYSHRL") (against Frazier); and her age-based disparate treatment claims

---

[1] The Court assumes the parties' familiarity with the factual and procedural background of the case, which was thoroughly detailed in the Summary Judgment Order, and does not recite it again in this decision. (Summ. J. Order, Dkt. 175 at 1–12); *Sanders-Peay v. N.Y.C. Dep't of Educ.*, No. 20-CV-1115 (PKC) (VMS), 2024 WL 3937597, at *1–6 (E.D.N.Y. Aug. 26, 2024).

[2] The Court dismissed Plaintiff's 42 U.S.C. § 1983 claim; failure-to-hire claims; age-based retaliation claim; New York City Human Rights Law claims; her claims alleging race-, color-, ethnicity-, and/or national origin-based discrimination; and her disability- and age-based hostile work environment claims. (Summ. J. Order, Dkt. 175 at 16–28, 34–35.) The Court also dismissed all of Plaintiff's New York State Human Rights Law claims against the DOE. (*Id.* at 16.)

under the Age Discrimination in Employment Act (against DOE) and the NYSHRL (against Frazier) to proceed.

On September 23, 2024, Defendants filed a motion for partial reconsideration of the Summary Judgment Order. As described in more detail below, Defendants "assert that Plaintiff's claims of disability- and age-based discrimination and retaliation premised on her termination and alleged demotion should be dismissed, as should any remaining claims of age discrimination." (Defs.' Mem. Supp. Mot. Partial Recons. ("Defs.' Mot."), Dkt. 178 at 1.) For the reasons discussed below, Defendants' motion is denied.

## LEGAL STANDARD

Reconsideration is "an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Elecs. Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019)); *see also In re Gentiva Sec. Litig.*, 971 F. Supp. 2d 305, 332 (E.D.N.Y. 2013) ("Reconsideration may only be granted when the [c]ourt did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the court." (cleaned up) (citation omitted)). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hicksville Water Dist. v. Jerry Spiegel Assocs.*, No. 19-CV-6070 (PKC) (RML), 2022 WL 4072683, at *2 (E.D.N.Y. Sept. 2, 2022) (citation omitted).

2

"The manifest injustice standard is, by definition, deferential to district courts and provides relief only in the proverbial rare case." *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014) (summary order) (cleaned up) (citation omitted).

Courts have repeatedly warned that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up) (citation omitted), *as amended* (July 13, 2012). Accordingly, a party moving for reconsideration "cannot rely upon facts, issues, or arguments that were previously available but not presented to the court, or reargue issues that have already been considered." *Omar v. 1 Front Street Grimaldi, Inc.*, No. 16-CV-5824 (LDH) (CLP), 2019 WL 7496569, at *2 (E.D.N.Y. Mar. 13, 2019) (quoting *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014)). That holds true even when "a party does not like the way the original motion was resolved." *Burke v. N.Y.C. Transit Auth.*, No. 15-CV-1481 (ENV) (LB), 2017 WL 11707845, at *1 (E.D.N.Y. Feb. 3, 2017) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

## DISCUSSION

Defendants argue that the Court did "not give due consideration to the full undisputed record evidence," particularly as it relates to Plaintiff's alleged demotion, (Defs.' Mot., Dkt. 178 at 6–7), Plaintiff's termination, (*id*. at 3–5), and Frazier's age (*id.* at 8–9). Each issue is addressed in turn.

### I.  Plaintiff's Demotion

Defendants argue that it was "error" for the Court to find that, upon Plaintiff's return to P.S. 21 after her medical leave, she was demoted because some of her classes were assigned to Ana Felix, another parent coordinator. (Defs.' Mot., Dkt. 178 at 6.) The Court, however, reached

3

no such "finding." Instead, the Court held that "[a] reasonable *jury* could conclude" that the change in Plaintiff's responsibilities, either standing alone "or in combination" with the other alleged adverse actions, "constituted 'a materially adverse change in the terms and conditions of [Plaintiff's] employment.'" (Summ. J. Order, Dkt. 175 at 30–31 (quoting *Einsohn v. N.Y.C. Dep't of Educ.*, No. 10-CV-2660 (RPK) (RER), 2022 WL 955110, at *6 (E.D.N.Y. Mar. 30, 2022)).) Thus, the Court reached no "finding" as to whether the purported demotion constituted an adverse action. Instead, the Court held that a jury could reach that conclusion—as, indeed, it could.

In the context of a disparate treatment claim, "[a]n adverse employment action . . . 'is a materially adverse change in the terms and conditions of employment.'" *Einsohn*, 2022 WL 955110, at *6 (quoting *Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 434 (E.D.N.Y. 2015)).[3] As Defendants themselves point out, a demotion "evidenced by . . . diminished material responsibilities" can constitute an adverse action. *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (citation omitted); (*see also* Defs.' Mem. Supp. Mot. for Summ. J., Dkt. 109 at 17–18). Here, Plaintiff argues that she was previously the parent coordinator for grades Pre-K through 5th grade, but that Frazier assigned Plaintiff only grades 1 through 5 upon her return, which materially diminished Plaintiff's responsibilities. (*See* Pl.'s 56.1, Dkt. 157 ¶¶ 44–47; Pl. Decl., Dkt. 159 ¶ 34.) Plaintiff further asserts that by removing her responsibility for one of the younger grades (Pre-K), Defendants significantly diminished her workload because parents of younger children typically have greater needs from parent coordinators, given their lack of familiarity with the school and its processes. (Pl.'s 56.1, Dkt. 157 ¶ 47.) Plaintiff, then, has

---

[3] The adverse action standard is broader in the retaliation context. *Sosa v. N.Y.C. Dep't of Educ.*, 368 F. Supp. 3d 489, 517 (E.D.N.Y. 2019) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015)).

4

raised a genuine question of material fact as to whether this diminishment of her responsibilities constituted an adverse employment action.

In the Summary Judgment Order, the Court explained that Defendants had "not provided alternative [non-discriminatory] explanations for the adverse employment actions Plaintiff asserts apart from termination." (Summ. J. Order, Dkt. 175 at 36.)  Now, Defendants contend that the Court was incorrect, since they explained in their briefing on the motion for summary judgment that Frazier gave a non-discriminatory explanation for how she divided the classes between Plaintiff and Felix upon Plaintiff's return from medical leave. (Defs.' Mot., Dkt. 178 at 7.) Defendants do not, however, offer any reason why Frazier reassigned Felix some of Plaintiff's responsibilities in the first place. (*See id.*; *see generally* Defs.' Mem. Supp. Mot. for Summ. J., Dkt. 109.)  From this silence and the timing, a jury could easily conclude that the reason some of Plaintiff's responsibilities were reassigned was rooted in age- or disability-based discrimination, as Plaintiff contends.  Defendants' motion for reconsideration as to Plaintiff's demotion, then, is denied.

## II.     Plaintiff's Termination

Defendants argue that Plaintiff's termination may not form the basis of either Plaintiff's age- or disability-based disparate treatment claims both because the Court failed to properly consider the evidence surrounding Plaintiff's termination and because the record demonstrates as a matter of law that "discrimination was not the 'but for' cause of Plaintiff's termination." (Defs.' Mot., Dkt. 178 at 3.)  The Court disagrees.

As explained in the Summary Judgment Order, age- and disability-based disparate treatment claims brought under the statutes at issue are analyzed through the *McDonnell Douglas* framework. (*See* Summ. J. Order, Dkt. 175 at 28–29, 37); *see also Castro v. City of New York*, 24 F. Supp. 3d 250, 260 (E.D.N.Y. 2014); *Sivio v. Vill. Care Max*, 436 F. Supp. 3d 778, 796 (S.D.N.Y.

5

2020); *Lively v. WAFRA Invest. Advisory Grp., Inc.*, 6 F.4th 293, 302 n.3 (2d Cir. 2021). To establish a prima facie case of age-based discrimination, a plaintiff must provide evidence from which a jury could conclude "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination." *Lively v. WAFRA Invest. Advisory Grp.*, 6 F.4th 293, 302 n.3 (2d Cir. 2021). To establish a prima facie case of disability-based disparate treatment under the relevant statutes, a plaintiff must demonstrate that "(1) [her] employer is subject to the ADA; (2) [she] was disabled within the meaning of the ADA; (3) [she] was otherwise qualified to perform the essential functions of [her] job, with or without reasonable accommodation; and (4) [she] suffered [an] adverse employment action because of [her] disability." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (citation omitted). The "but for" causation standard applies, meaning that "[w]ith respect to causation, a plaintiff must prove 'that "but for" the [plaintiff's] disability [or age], the adverse action would not have been taken.'" (Summ. J. Order, Dkt. 175 at 29 (quoting *Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023), in turn quoting *Natofsky v. City of New York*, 921 F.3d 337, 347 (2d Cir. 2019)); *see also id.* at 37 (quoting *Natofsky*, 921 F.3d at 347–48) (explaining that the "but for" causation standard applies to age-based disparate treatment claims).)

As described in the Summary Judgment Order, Frazier issued Plaintiff several disciplinary letters in the two months leading up to her termination. (*See id.* at 9–10.) Also during this time period, P.S. 21's Parent-Teacher Association Executive Board sent a letter ("the PTA letter") to Frazier and other DOE officials indicating that they had concerns about Plaintiff and her performance as a parent coordinator. (*See id.*; *see also* 3/7/2019 Ltr. from PTA Exec. Bd., Dkt.

6

159-45.)  Frazier ultimately terminated Plaintiff via letter.  (3/26/2019 Ltr.[4] from Frazier re: Termination, Dkt. 108-34.)  In the termination letter, Frazier explained that Plaintiff was being terminated after consideration of the PTA letter as well as "other letters to [Plaintiff's] file."  (*Id.* at ECF[5] 1.)

Now, Defendants argue that because the Court found that the veracity the PTA Letter was "undisputed," Plaintiff's termination, which was purportedly based at least in part on the allegations in the letter, cannot have constituted an adverse action.  (Defs.' Mot., Dkt. 178 at 4–5.)  This is incorrect.  As an initial matter, Defendants mischaracterize the Summary Judgment Order.  First, Defendants assert that the Court "found" that Frazier terminated Plaintiff "because of the Facebook post detailed in the PTA Executive Board letter."  (*Id.* at 4 (quoting Summ. J. Order, Dkt. 175 at 10).)  Not so.  The section of the Summary Judgment Order that Defendants cite is the fact section of the Order, in which the Court explains that the primary reason listed in the termination letter for Plaintiff's termination was the Facebook post described in the PTA Letter.  (Summ. J. Order, Dkt. 175 at 10.)  The Court did not "find," as Defendants assert, that the Facebook post—or any of the other allegations in the PTA Letter—was the actual reason (in whole or in part) that Defendants terminated Plaintiff.  Instead, the Court merely explained that the Facebook post was Defendants' primary *stated* reason for Plaintiff's termination.  (*Id.*)

---

[4] As explained in the Court's Summary Judgment Order, (Dkt. 175 at 10–11 n.12), the termination letter is dated March 26, 2019, but refers to events that took place after that date, (*see* 3/26/2019 Ltr. from Frazier re: Termination, Dkt. 108-34).  The Court assumes that the date on the letter is a typographical error and that the termination took place on or around May 1, 2019, as indicated in the Rule 56.1 Statement.  (Pl.'s 56.1, Dkt. 157 ¶ 169.)

[5] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

As Defendants themselves point out, in employment discrimination cases, courts "are interested in what '*motivated* the employer.'" *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (quoting *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983)) (emphasis in original); (*see also* Defs.' Summ. J. Reply, Dkt. 171 at 4 (quoting *McPherson*, 457 F.3d at 216); Defs.' Mot., Dkt. 178 at 5 (quoting same)). Here, Plaintiff has presented evidence from which a jury could conclude that Defendants' purported reasons for terminating Plaintiff were mere pretext and did not reflect Defendants' true motivations. *McPherson*, 457 F.3d at 216. In the termination letter, Fraizer states that she reviewed the allegations against Plaintiff relating to the PTA Letter as well as "other letters to [Plaintiff's] file." (3/26/2019 Ltr. from Frazier re: Termination, Dkt. 108-34 at ECF 1.) While it is not entirely clear from the record which "other letters to [Plaintiff's] file" Frazier was referring to, it is clear that Frazier issued a significant number of letters to Plaintiff's file in the weeks leading up to Plaintiff's termination. (*See* Pl.'s 56.1, Dkt. 157 ¶¶ 162–68; *see also* 3/7/2019 Ltr., Dkt. 108-22.) This includes a letter Frazier issued to Plaintiff's file on March 26, 2019, about an alleged incident that occurred over two years earlier, in March 2017. (*See* 3/26/2019 Ltr. re: 3/15/2017 Incident, Dkt. 108-28.) This rapid-fire succession of disciplinary letters, including at least one related to an incident that occurred over two years before the letter's issuance, (*id.*), in combination with Frazier's comments about "get[ting] rid of [Plaintiff's] broken-down self," (Pl. Dep., Dkt. 108-3 at 127:21–128:1), and "looking for somebody a little more young and vibrant," (*id.* at 96:11–18), are enough for a reasonable jury to conclude that Frazier's stated reasons for terminating Plaintiff were pretextual,

and that age- or disability-based discriminatory animus was a "but-for cause" of Plaintiff's termination.[6]

Important here, in their motion for partial reconsideration, Defendants seem to misunderstand "but for" causation, interpreting it to require that that discriminatory animus be the "only" or "sole" cause of the alleged adverse action. (*See, e.g.*, Defs.' Mot., Dkt. 178 at 3–6 (implying that there can only be one "but for" cause of an adverse action).) "But-for" causation, however, does not require that discriminatory animus be the "sole" cause of the adverse action, but merely that the adverse action would not have taken place "but for" discriminatory animus. "Often, events have multiple but-for causes." *Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020). In the employment discrimination context, this means "a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision. So long as the plaintiff's [protected characteristic] was one but-for cause of that decision, that is enough to trigger the law." *Id.* (emphasis in original). Properly applying the but-for causation standard in this case means that a jury could conclude that both the PTA Letter and Defendants' discriminatory animus were but-for causes of Plaintiff's termination.[7]

---

[6] Defendants are correct that, contrary to the Court's statement in the Summary Judgment Order, Frazier's termination letter did not mention Plaintiff's absences. (*Compare* Summ. J. Order, Dkt. 175 at 32, *with* 3/26/2019 Ltr. from Frazier re: Termination, Dkt. 108-34.) Regardless, a jury could still conclude that Defendants' proffered reasons for Plaintiff's termination were pretextual, as described above.

[7] Defendants also request reconsideration as to Plaintiff's disability retaliation claim "for the same reasons" they request reconsideration as to the disability- and age-based disparate treatment claims. (Defs.' Mot., Dkt. 178 at 6.) In their single-paragraph argument for reconsideration of the Court's conclusion on this claim, Defendants strongly imply that there can be only one but-for cause of an adverse action. (*See id.*) As the Court has explained, that is not the case. Moreover, as explained in the Summary Judgment Order, Defendants did not—and still have not—"provided alternative explanations for the adverse employment actions Plaintiff asserts apart from termination." (Summ. J. Order, Dkt. 175 at 36.) Defendants' motion for reconsideration as to Plaintiff's disability retaliation claim, therefore, is denied.

**III.     Frazier's Age**

Finally, Defendants argue that the Court failed to properly consider Frazier's age—that is, that Frazier is six years older than Plaintiff. (Defs.' Mot., Dkt. 178 at 8 (citing Defs.' 56.1, Dkt. 107 ¶¶ 6–7).) Specifically, Defendants assert that "[c]ourts draw an inference against discrimination where the person taking the adverse action is in the same protected class as the affected employee." (*Id.* (citing Defs.' Mem. Supp. Mot. for Summ. J., Dkt. 109 at 23, in turn first citing *Senese v. Longwood Cent. Sch. Dist.*, 330 F. Supp. 3d 745, 770 (E.D.N.Y. 2018); then citing *Testa v. CareFusion*, 305 F. Supp. 3d 423, 436 (E.D.N.Y. 2018)).) Although the Court did not "draw an inference against [age] discrimination" based on Frazier being over 40 years old in the Summary Judgment Order, (*see* Summ. J. Order, Dkt. 175 at 37–39), that does not require reconsideration of the Court's decision not to dismiss Plaintiff's age-based discrimination claim.

While it is true that courts sometimes "draw an inference against discrimination where the person taking the adverse action is in the same protected class as the [a]ffected employee," *Senese*, 330 F. Supp. 3d at 770 (quoting *Bauger v. Spanish Broad. Sys., Inc.*, No. 04-CV-8393, 2010 WL 2813632 (RJS), at *11 (S.D.N.Y. July 12, 2010)), Defendants have identified no Second Circuit precedent requiring courts to do so. Nor has the Court located any such precedent on its independent review of the caselaw. Thus, the Court was not *required* to apply this inference against discrimination.

Even applying the inference, however, the Court's ultimate conclusion would be the same. Here, Frazier explicitly stated that she was "looking for somebody a little more young" than Plaintiff. (Pl. Dep., Dkt. 108-3 at 96:11–18). A jury could find that this explicitly discriminatory statement overcomes any inference against discrimination. After all, that inference is "not dispositive." *Meyer v. State of N.Y. Off. of Mental Health*, 174 F. Supp. 3d 673, 687 (E.D.N.Y. 2016), *aff'd*, 679 F. App'x 89 (2d Cir. 2017) (summary order). *Cf. Danzer v. Norden Sys.*, 151

10

F.3d 50, 55 (2d Cir. 1998) ("The proposition that people in a protected category cannot discriminate against their fellow class members is patently untenable."). Therefore, even applying the inference, the Court's conclusion remains the same. Defendant's motion for partial reconsideration as to Plaintiff's age discrimination claims, then, is denied.

## CONCLUSION

For the reasons stated herein, Defendants' motion for reconsideration of this Court's Memorandum & Order on summary judgment is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 6, 2024
Brooklyn, New York